IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY E. LYONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-01635 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Defendant's Motion to Dismiss and Brief in Support (Document No. 11), in which Defendant Wells Fargo Bank, N.A. argues that Plaintiff Larry E. Lyons ("Lyons") has failed to state a claim for which relief may be granted. Having considered the motion, the absence of a response by Plaintiff, the claims and allegations in Plaintiff's Original Complaint (Document No. 1-5), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Wells Fargo's Motion to Dismiss (Document No. 11) be GRANTED and that Lyons' claims against Wells Fargo all be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(b) for failure to state a claim.

### I. Background

Seven years after purchasing property in Fort Bend County, Lyons and his wife applied for and obtained a refinance mortgage loan from Norwest Mortgage, Inc., which was recorded in a Promissory Note and secured by a Deed of Trust on March 24, 1998. In 1999, Lyons began making monthly payments due under the loan to Wells Fargo. During this time, Wells Fargo had acquired Norwest Mortgage, Inc.'s mortgage loan servicing portfolio, but did not file a record of the assignment or transfer of lien. Lyons continued making his mortgage payments until 2010

when a financial hardship caused him to lose his job, rendering him unable to continue timely payment. In 2010, Lyons filed a Chapter 13 Bankruptcy proceeding, and he applied for a loan modification from Wells Fargo.

Lyons' application for loan modification was granted, and after paying the required three trial period payments, he contacted Wells Fargo because he had not received the final loan modification paperwork. Lyons allegedly called Wells Fargo for months without receiving a response or paperwork. Around July 2, 2012, Wells Fargo posted Lyons' property for foreclosure sale, and Lyons filed a second Chapter 13 Bankruptcy case. During the second bankruptcy proceeding, Lyons and Wells Fargo agreed to another loan modification. On June 28, 2013, Lyons' second bankruptcy case was dismissed, but Lyons continued to make monthly loan payments to Wells Fargo outside of the bankruptcy. Shortly thereafter, on October 13, 2013, Lyons filed his third Chapter 13 Bankruptcy case, but he continued paying the monthly loan payments to Wells Fargo.

In 2014, Lyons lost his job and was again unable to make his monthly payments to Wells Fargo, but continued to make his Chapter 13 plan payments. In December 2016, Wells Fargo obtained an Order Granting Relief from Automatic Stay in the bankruptcy proceeding. Around March 23, 2017, Wells Fargo provided Lyons with a written notice advising Lyons that his loan had been referred for foreclosure, but Wells Fargo allegedly did not provide Lyons with any "Notice of Default or Opportunity to Cure Notice," which Lyons alleges was required by law. Around April 10, 2017, Wells Fargo posted a Notice of Substitute Trustee's Sale in the Fort Bend County Clerk's office, but this document was also allegedly not provided to Lyons.

In his Original Petition, Lyons asserts five causes of action, including: (1) application for temporary restraining order (which has been granted) and temporary injunction; (2) breach of

contract and failure of condition precedent; (3) common law fraud; and (4) violations of the Texas Debt Collection Act (TDCA). Wells Fargo, in its Motion to Dismiss (Document No. 11), argues that Lyons did not allege any independent injury besides his economic loss, and did not allege specific facts about any false or misleading statements made by Wells Fargo. Wells Fargo also argues that Lyons' request for injunctive relief should be denied because he has not adequately asserted any viable claims against Defendant.

Lyons has not, as of this date, filed a response to Wells Fargo's Motion to Dismiss.

## II.     Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III. Discussion – Plausibility of Plaintiff's Claims

The general basis for all of Lyons' claims is that Wells Fargo did not provide him with a Notice of Default or Opportunity to Cure Notice after he failed to make payments due under his loan, and the loan was never assigned to Wells Fargo because they never filed evidence of their acquisition of Norwest Mortgage. Lyons maintains that his injuries occurred directly because of Wells Fargo's inability to provide pertinent paperwork throughout their dealings with one another. It is within the context of this general framework of allegations that each of Lyons' claims will be considered for plausibility.

#### A. Breach of Contract and Failure of Condition Precedent Claim

Lyons alleges in his Original Complaint that Wells Fargo's "acts, conduct or omissions" constitute a "material breach of the Deed of Trust contract and a failure of condition precedent to its attempted acceleration of Plaintiff's loan and/or positing of Plaintiff's homestead property for foreclosure sale." (Document No. 1-5 at 9-10). Specifically, Lyons alleges that Wells Fargo was not properly assigned Plaintiff's loan, and Wells Fargo failed to provide a Notice of Default and Opportunity to Cure, which constituted a material breach of contract and failure of condition precedent.

4

Under Texas law, to state a claim for breach of contract, a Plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.* 884 F.3d 239, 244 (5th Cir. 2018). The Fifth Circuit has held "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Here, Lyons has not specifically articulated any provision in the contract he had with Wells Fargo that has been breached. Similarly, because Lyons has admitted in his Original Complaint that he failed to pay loan payments to Wells Fargo on several occasions, he himself has not complied with the provisions of the loan agreement, so he cannot maintain a breach of contract suit. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").

Further, the damages under a breach of contract claim may not be "remote, contingent, speculative, or conjectural." *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009). In *Maldonado v. Bank of America*, the court held that breach of contract claim damages based on lack of notice of default and opportunity to cure could not stand where the foreclosure sale did not actually occur. *Maldonado v. Bank of Am.*, No. SA-12-CA-442-FB, 2013 WL 12108679, at *3 (W.D. Tex. June 14, 2013); *see also Peoples v. BAC Home Loans Servicing, LP*, No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (holding mortgagor did not have a valid claim for breach of contract damages because the foreclosure had not

occurred). In this case, the foreclosure sale of Lyons' property did not occur because the District Court of Fort Bend County temporarily enjoined Wells Fargo from proceeding with the sale. Lyons' attempt to sue for damages based on an event that has not yet occurred cannot stand under Texas law.

Because Lyons did not specifically articulate which provision of the contract had been breached, has essentially admitted that he breached the contract by not paying his loan, and has suffered no actual damages, the breach of contract claim should be dismissed.

Lyons' breach of contract claim is also subject to dismissal because a majority of courts have concluded that a Plaintiff may not bring a private cause of action based on the notice requirements enumerated in Texas Property Code § 51.002, so Wells Fargo's lack of notice may not serve as Lyons' substantive claim. Further, the Fifth Circuit has held, "the deed of trust [does] not . . . require Wells Fargo to provide any notice prior to taking action to do and pay for whatever is necessary to protect the value of [the home] and [Wells Fargo's] rights in [it]." *Bartolowits v. Wells Fargo Bank, N.A.*, No. 17-10434, 2018 WL 1633465, at *4 (5th Cir. 2018).

Lyons concurrently alleges that Wells Fargo's failure to provide the materials constituted a failure of condition precedent. A condition precedent "may be either a condition to the formation of a contract or to an obligation to perform an existing agreement." *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976). The party seeking recovery under a contract "bears the burden of proving that all conditions precedent have been satisfied." *Thompson v. Diamond State Ins. Co.*, No. 4:06-CV-154, 2007 WL 1745612 at *4 (E.D. Tex. June 15, 2007). Federal Rule of Civil Procedure 9(c) requires a party to follow specific procedures when raising a claim for failure of condition precedent, and Lyons has not

sufficiently raised the issue in his Complaint. Therefore, any independent claim for failure of condition precedent should also be dismissed. *See Id.*

B.  **Common Law Fraud Claim**

Lyons alleges in his Original Complaint that Wells Fargo's repeated acceptance of Plaintiff's monthly loan payments and subsequent failure to provide him with a Notice of Default and Opportunity to Cure constituted an intentional false representation of material fact. Plaintiff asserts that he relied on these misrepresentations to his detriment, which led to actual damages. (Document No. 1-5 at 11).

Under Texas law, a fraud claim requires, "(1) a material misrepresentation; (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (5) which was relied upon, and (6) which caused injury." *GMAC Commercial Mortg. Corp. v. East Texas Holdings, Inc.*, 441 F. Supp. 2d 801, 805 (E.D. Tex. July 17, 2006). To bring a fraud claim, a Plaintiff is subject to a heightened level of pleading under FED. R. CIV. P. 9(b), requiring a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit requires a plaintiff to allege "the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 590 (1990)). When a party's only loss is the subject matter of the contract, a party usually may not recover because the tort would not have occurred independently had the contract not existed. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).

Here, as argued by Wells Fargo, Lyons has not alleged his fraud claim with the particularity required by Rule 9(b) because he has not alleged any particulars at all, including "what the alleged material misrepresentation was, who made it, when it was made, where it was made, how it was made, what the substance of it was, how Plaintiff relied on it, and how Plaintiff suffered injury as a result of it." (Document No. 11 at 8). Beyond Plaintiffs claim failing for lack of specificity, Wells Fargo argues that the economic loss rule precludes Lyons' recovery for fraud because he alleges no independent injury apart from those associated with the contract claim. (Document No. 11 at 7). Lyons did not assert any claims that would independently exist if the contract between the parties were removed. As for Lyons' reliance on the fact that Wells Fargo did not file paperwork showing that they had acquired Norwest, "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against parties to those instruments." *Segrest v. Franklin Am. Mortg. Co.*, No. A-12-CA-971-SS, 2014 WL 12540462, at *5 (W.D. Tex. Jan. 28, 2014). For those three separate reasons, Lyons' fraud claim against Wells Fargo should be dismissed.

C. **Violations of the Texas Debt Collection Act (TDCA) Claim**

Lyons alleges in his Complaint that Wells Fargo violated the Texas Debt Collection Act ("TDCA") by intentionally and/or knowingly mischaracterizing the character, amount or extent of the debt owed, and Lyons detrimentally relied on these false representations. Lyons alleges that because Wells Fargo was acting as a "third-party debt collector attempting to collect a debt due another," and the assignment was never filed in the Fort Bend County Clerk's Office establishing them as creditor, the actions taken by Wells Fargo to secure payment violated the Texas Finance Code § 392.001 and TDCA §§ 392.301(a)(7); 392.301(a)(8); 392.304(a)(8); and 392.304(a)(19). (Document No. 1-5 at 12-13).

Texas Finance Code §§ 392.301(a)(7);(8) prohibits debt collectors from using "threats, coercion, or attempts to coerce by: (7) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; or (8) threatening to take an action prohibited by law." This section of the TDCA is not intended to prevent a Defendant from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code. § 392.301(b)(3). Based on the language of the Code, a threat of nonjudicial foreclosure is "not an action prohibited by law." *Amaro v. U.S. Bank Nat'l Ass'n*, Civil Action No. 3:12-CV-3776-B, 2013 WL 1187284, at *3 (N.D. Tex. March 22, 2013).

Texas Finance Code §§ 392.304(a)(8);(19) state, "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; [or] (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." In order to violate the TDCA with a misrepresentation, "the debt collector must have made an *affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) *see also Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013); *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014).

Lyons does not allege in his Original Complaint a misrepresentation by Wells Fargo that would fall within the TDCA. Lyons did not include any information about what the alleged misrepresentation was or how the alleged misrepresentation had injured him. Because Lyons has not alleged facts that Wells Fargo's threat of nonjudicial foreclosure was unlawful, or that there

9

was an affirmative misrepresentation by Wells Fargo, Lyons has not alleged a plausible claim against Wells Fargo under the TDCA, and thus, his claim should also be dismissed.

### D.  Request for Injunctive Relief

Wells Fargo, in its Motion to Dismiss (Document No. 11), argues that a request for injunctive relief "absent an underlying cause of action is fatally defective." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012). If there is no underlying cause of action, an injunctive relief request is considered defective, and both the underlying claims and the request for injunctive relief must be denied. *Brown v. Wells Fargo Bank, N.A.*, Civil Action No. H-13-3228, 2015 WL 926573, at *6 (S.D. Tex. Mar. 4, 2015). Here, because Lyons has not alleged a plausible substantive claim, his request for injunctive relief is subject to dismissal.

### IV.  Discussion – Availability of Amendment

Under FED. R. CIV. P. 15(a)(2), a court may freely grant a party leave to amend "when justice so requires." The Fifth Circuit allows plaintiffs an opportunity to cure "pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). While the Fifth Circuit ordinarily allows leave to amend when there is a 12(b)(6) motion, under Local Rule 7.4, "failure to respond [to a motion] is taken as a representation of no opposition." *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 843, 851 (S.D. Tex. February 10, 2017); S.D. Tex. Local R. 7.4.

Here, although Lyons has only filed an original complaint, his complaint fails to articulate any factual allegations against Wells Fargo and relies instead on unsubstantiated legal conclusions. Further, due to Lyons' failure to respond to Wells Fargo's Motion to Dismiss,

Plaintiff should not be given leave to amend his complaint, and the court should assume, in accord with the Local Rules of this district, that Lyons does not oppose the motion.

## V. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiff Larry E. Lyons has failed to state a claim for which relief may be granted, the Magistrate Judge

RECOMMENDS that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Document No. 11) be GRANTED and that Plaintiff's claims against Wells Fargo Bank, N.A. be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _27_ day of July, 2018.

                              FRANCES H. STACY
                              UNITED STATES MAGISTRATE JUDGE